UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:14-CR-138 |
| | ) | |
| LEONARD SANDS | ) | |

## MEMORANDUM AND ORDER

Now before the Court is the defendant's *pro se* "Motion for Emergency Request of Compassionate Release Under [18] U.S.C. 3582." [Doc. 701]. The United States has responded in opposition [docs. 707, 708], and the defendant has not replied within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the motion will be denied.

### I. BACKGROUND

In November 2015, a jury found the defendant guilty of conspiring to distribute 50 grams or more of methamphetamine and of conspiring to commit money laundering. The Honorable Thomas W. Phillips sentenced the defendant to a guideline term of 324 months' imprisonment. The defendant is presently housed at FCI Forrest City Low with a projected release date of March 18, 2038. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 28, 2020).

The defendant now moves for compassionate release due to the COVID-19 pandemic and his age (63). Indirectly, he also suggests he is "overweight and obese." [Doc. 701, p. 2]. According to the defendant, his continued incarceration "is one of the

greatest and deepest due process violations that has yet been encountered in the U.S. Judicial system, even if it is now being presented as a case of first impression." [*Id.*].

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have generally turned to

U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release.").[1] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Id.* at 1114.

### A. Exhaustion

The defendant has previously submitted a compassionate release request to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 708, ex. 3]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, his age (63), and possibly his weight. Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the defendant's arguments and the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

. . .

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

The defendant is 63 years old. "Risk for severe illness with COVID-19 increases with age." *See* Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Dec. 28, 2020). Additionally, obese persons [body mass index ("BMI") of 30 or greater] are considered to be at increased risk of severe illness from COVID-19, and overweight persons (BMI greater than 25 but less than 30) might be at increased risk. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 28, 2020).

No evidence before the Court confirms that the defendant is overweight or obese. He has submitted no medical documentation. BOP records provided by the United States mention only various eye issues such as cataracts. [Doc. 707]. At the time of his

Presentence Investigation Report ("PSR"), the defendant was 66 inches tall and weighed 140 pounds [doc. 521, ¶ 72], resulting in a BMI of only 22.6. *See* Adult BMI Calculator, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Dec. 28, 2020).

The BOP's SENTRY Report shows that the defendant is categorized as Care Level 2. "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical . . . conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Dec. 28, 2020).

Turning to the nature and circumstances of the instant offense and the defendant's history and characteristics, in this case the defendant participated in the instant methamphetamine conspiracy from mid-2013 to approximately March 2015. [Doc. 521, ¶ 12]. As his relationship with his supplier progressed, the defendant acquired between a quarter and a half a pound of methamphetamine at a time for distribution. [*Id.*, ¶ 13] (emphasis added). He was capable of committing these crimes despite being in his late fifties. Upon execution of a search warrant at the defendant's residence in November 2014, marijuana, suboxone, methamphetamine, assorted ammunition, and a rifle were found. [*Id.*, ¶ 17].

Prior convictions include driving offenses, simple possession, domestic violence, public intoxication, and methamphetamine manufacture. [*Id.*, ¶¶ 56-61]. The defendant's

6

history of polysubstance abuse dates back to age 14, and he used methamphetamine daily for approximately 35 years. [*Id.*, ¶ 74].

On a positive note, SENTRY shows that the defendant has not incurred any disciplinary sanctions during his proportionately brief time in BOP custody. The BOP rates him a low security classification with a minimum risk of recidivism. For these facts, the defendant is commended.

Having considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motion, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release. Such relief in this case would not reflect the seriousness of the instant offense, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of the defendant.

The defendant's age and post-sentencing good conduct are substantially outweighed by his degree of participation in the instant conspiracies and the fact that only a small portion of his sentence has been served. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (Several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). For these reasons, the defendant's motion will be denied.

## III.  CONCLUSION

As provided herein, the defendant's *pro se* motion for compassionate release [doc. 701] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

8